IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HANOVER INSURANCE COMPANY, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN E. CLEMMONS; TERESA A. LYLE, )<br>IN HER REPRESENTATIVE CAPACITY AS )<br>ADMINISTRATRIX C.T.A. OF THE ESTATE )<br>OF NANNIE P. MALONE; and PAUL A. )<br>GONTAREK, IN HIS REPRESENTATIVE )<br>CAPACITY AS SUCCESSOR )<br>CONSERVATOR OF DONALD E. GRIGGS )<br>AND SUCCESSOR ADMINISTRATOR )<br>C.T.A. OF THE ESTATE OF WILLIAM LINK,)<br>)<br>    Defendants. ) | No. 3:14-cv-0288<br>Judge Nixon<br>Magistrate Judge Knowles |

## **INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d)(1)b.2, the plaintiff and the defendant Paul A. Gontarek, in his representative capacity as Successor Conservator of Donald E. Griggs and Successor Administrator C.T.A. of the Estate of William C. Link, submit the following case management plan:

    1.    **Jurisdiction**:  Jurisdiction of this case is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201.  These parties do not dispute the jurisdiction of this Court.

    2.    **Service:**  All defendants have been served.

3. **Parties, Claims and Defenses**:

A. **Theory of Plaintiff**:

The plaintiff issued a claims-made and reported Lawyers Professional Liability Policy to Mr. Clemmons ("the policy"). The policy excludes coverage for, *inter alia*, claims based upon or arising out of, or relating directly or indirectly to:

    a.    Any **Insured** committing any intentional, dishonest, criminal, malicious or fraudulent act or omission;

    b.    Any **Insured** gaining any profit, remuneration or advantage to which such **insured** was not legally entitled;

    c.    Any actual or alleged conversion, commingling, defalcation, misappropriation, intentional or illegal use of funds, monies or property; or inability or failure to pay or collect any funds, notes, drafts, or other negotiable instruments; or any resulting deficiency or default;

Teresa A. Lyle, in her representative capacity as Administratrix C.T.A. of the Estate of Nannie P. Malone, and Paul A. Gontarek, in his representative capacity as Successor Conservator of Donald E. Griggs and Successor Administrator C.T.A. of the Estate of William Link, have sued Mr. Clemmons in the Circuit Court of Davidson County, Tennessee for, *inter alia*, breach of conversion/misappropriation of funds from the estates of Nannie P. Malone, William Link and Donald E. Griggs. Mr. Clemmons was indicted in Davidson County, Tennessee for his criminal behavior with respect to the Malone, Link and Griggs estates. In November 2013, Mr. Clemmons pled guilty to criminal theft from these three estates. A judgment was entered in the Circuit Court of

2

Davidson County, Tennessee against Mr. Clemmons on November 15, 2013, and he is currently incarcerated.

Each of the state court claims against Mr. Clemmons is outside the scope of coverage provided by the policy, and the plaintiff has no duty to defend or indemnify him for these claims. In addition, Mr. Clemmons did not truthfully answer his policy applications and made false attestations that he was unaware of any act, omission or circumstances that could reasonably give rise to a professional liability claim against him or his firm. His failure to disclose his conversion and misappropriation of client funds was a misrepresentation and/or concealment material to the risk assumed by the plaintiff, thereby entitling the plaintiff to rescind the policy.

B. **Theory of Defendant John E. Clemmons**:

Unknown. Mr. Clemmons was served on February 18, 2014 but has not an Answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. He is presently incarcerated at the Charles B. Bass Correctional Facility, 7177 Cockrill Bend Boulevard, Nashville, TN 37243.

C. **Theory of Defendant Teresa A. Lyle, in her representative capacity as Administratrix C.T.A. of the Estate of Nannie P. Malone**:

Unknown. Ms. Lyle was served on February 6, 2014 but has not filed an Answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

3

D. **Theory of Defendant Paul A. Gontarek, in his representative capacity as Successor Conservator of Donald E. Griggs and Successor Administrator C.T.A. of the Estate of William C. Link**:

On or about April 10, 2013, the Seventh Circuit Court for Davidson County, Tennessee (Probate Division) (the "Probate Court") removed John E. Clemmons ("Mr. Clemmons") from his position as Conservator of Donald E. Griggs and Administrator of the Estate of William C. Link. On that same day, the Probate Court appointed Mr. Gontarek to act as the Successor Conservator of Donald E. Griggs and as the Successor Administrator C.T.A. of the Estate of William C. Link.

Following his appointment in April 2013, Mr. Gontarek conducted a forensic accounting of both the Griggs Conservatorship and the Link Estate to determine whether any monies had been wrongfully misappropriated from those estates. His findings were filed with the Court and utilized by the District Attorney in order to obtain an indictment against Mr. Clemmons for theft. Mr. Clemmons is currently incarcerated.

While Mr. Gontarek concedes that the claims-made and reported Lawyers Professional Policy issued to Mr. Clemmons (the "policy") by the Plaintiff contains various policy exclusions for dishonest, criminal, malicious or fraudulent acts (and assuming such exclusions are enforceable as a matter of law in Tennessee and do not run afoul of public policy), not all of the actions undertaken by Mr. Clemmons in his capacity as the Conservator of Donald R. Griggs and as the Administrator of the Estate of William C. Link were criminal in nature. In fact, several of the actions and/or omissions of Mr. Clemmons

were negligent in nature and were the proximate cause of damages suffered by both the Griggs Conservatorship and the Link Estate. For instance, Mr. Clemmons failed to adequately request and apply for a surety bond in the amount of the liquid assets of the Griggs Conservatorship and the Link Estate. As a result, while Mr. Gontarek has successfully recovered the surety bonds in both cases, the amounts of the surety bonds are insufficient to cover the losses in each estate. Had Mr. Clemmons obtained an appropriate surety bond in both the Griggs Conservatorship and the Link Estate, the monetary loss suffered by each estate would have been minimal.

Mr. Gontarek filed a state court action against Mr. Clemmons in 2013 in both the Griggs Conservatorship as well as the Link Estate in order to obtain a judgment against him for his actions and omissions as the prior fiduciary. Those lawsuits are currently in the process of being amended to state additional claims against Mr. Clemmons for negligence as detailed above. The Probate Court has granted the motion to amend at a recent court hearing but the order allowing the filing of amended complaints has not yet been signed by the Probate Court.

4. **<u>Issues Resolved</u>**: None at this time.

5. **<u>Issues Still Pending</u>**: All issues arising under and/or relating to the policy remain in dispute.

6. **<u>Expert Witnesses</u>**:

   A. The plaintiff shall disclose the identity of any expert witnesses to be used at trial and provide all information

required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, including but not limited to reports, on or before September 1, 2014, and shall make the expert(s) available for a discovery deposition no later than December 1, 2014.

B. The defendants shall disclose to the plaintiff the identity of any expert witnesses to be used at trial and provide all information required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, including but not limited to reports, on or before November 1, 2014, and shall make the expert(s) available for a discovery deposition no later than February 1, 2015.

7. **Initial Disclosures and Staging of Discovery**:

The parties shall serve their initial disclosures in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure by May 1, 2014.

Discovery is not stayed during the pendency of dispositive motions unless ordered by the Court.

Local Rule 33.01(b) is expanded to allow forty (40) interrogatories, including sub-parts.

All discovery, except for Request for Admissions, shall be completed by March 1, 2015.

Requests for Admissions may be served at any time prior to trial, subject to the time for response provided in Rule 36(a) of the Federal Rules of Civil Procedure.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. The deadline for filing discovery-related motions is March 14, 2015.

The deadline for filing motions to amend the pleadings is August 3, 2014.

8. **Dispositive Motions**:

All dispositive motions shall be filed by April 1, 2015. Any response shall be filed within twenty (20) days of the filing of the motion. Any reply shall be filed within ten (10) days after the date the response is filed. Briefs shall not exceed twenty (20) pages.

No motion for partial summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a motion for partial summary judgment in terms of overall economy of time and expense for the parties, counsel and the Court.

ENTERED this _____ day of _____, 2014.

_____
MAGISTRATE JUDGE E. CLIFTON KNOWLES